## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

UNITED STATES OF AMERICA,    )
        Plaintiff,    )
            )
v.            )    No.  3:07-CV-1238-L
            )    ECF
GEORGE R. RICHIE, BARBARA M.    )
RICHIE, and TEXAS VETERANS    )
LAND BOARD,    )
        Defendants.    )

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this case to the United States Magistrate Judge for pretrial management.   Before the Court for recommendation is the Motion for Summary Judgment ("Motion") of the United States of America ("United States" or "Plaintiff") [dkt. #23], filed December 1, 2008.  George R. and Barbara M. Richie (collectively, the "Richies") sought extensions of time to respond to the summary judgment motion [dkt.## 26, 28].  This Court granted the requests for extensions; however, the Richies failed to respond, and the time to do so has expired.

### Background

Plaintiff seeks judgments against George R. Richie ("Mr. Richie") in the amount of $14,113,792.18 and against Barbara M. Richie ("Ms. Richie") in the amount of $556,538.11, for income taxes.   Additionally, Plaintiff alleges entitlement to statutory additions accruing from November 11, 2008, until paid, for the 1978, 1979, 1980, 1981, 1982, 1983, 1984, 1985, 1986, 1988, and 2002 income tax years.[1]   Plaintiff also seeks, as a matter of law, to foreclose its federal tax lien against real property owned by the Richies to satisfy the outstanding tax debts.    Plaintiff and

---

[1]Although Mr. and Ms. Richie filed joint tax returns, Ms. Richie was granted innocent spouse relief and is only liable for the liabilities listed.

Defendant Texas Veterans Land Board ("VLB") entered a stipulation regarding certain Wood County, Texas  property on which Plaintiff seeks to foreclose federal tax liens. [Joint Stipulation of Facts, dkt. #16].  Therefore, VLB is not a party to the lawsuit, except as stipulated.  VLB recently provided Mr. Richie with a Deed conveying the property to Mr. Richie in return for full payment, giving Mr. Richie sole interest in the property.  (App. Gov. Ex. 7 at DOJ000052.)

### <u>Standard of Review</u>

Summary judgment is appropriate when the pleadings and the evidence show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c); *Celotex Corp. v. Cattrett*, 477 U.S. 317, 322 (1986).  Once a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  There is a genuine issue of fact if the evidence would permit a reasonable jury to return a verdict for the nonmoving party.  *Society of Fin. Examiners v. Nat'l Ass'n of Certified Fraud Examiners, Inc.*, 41 F.3d 223, 226 (5th Cir. 1995).  The mere existence of a scintilla of evidence in support of the non-movant's position is insufficient to preclude a grant of summary judgment.  *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999).  According to Rule 56,  whenever a motion for summary judgment is made, an adverse party "may not rest upon the mere allegations or denials in the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."  If the adverse party does not so respond, summary judgment should be granted.  FED. R. CIV. P. 56 (e).

Because the Richies failed to respond to Plaintiff's Motion, they have not designated specific facts showing that there is a genuine issue for trial, and they are therefore relegated to their unsworn

pleadings, which are not summary judgment evidence. *Bookman v. Shubzda,* 945 F.Supp. 999, 1002 (N.D.Tex.1996) (citing *Solo Serve Corp. v. Westowne Assoc.,* 929 F.2d 160, 165 (5th Cir.1991)). Although the Richies' failure to respond does not permit the Court to enter a "default" summary judgment, the Court is allowed to accept the evidence presented by Plaintiff as undisputed. *Eversley v. Mbank Dallas,* 843 F.2d 172, 174 (5th Cir.1988); *see also Ragas v. Tenn. Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir.1998) (holding that a party opposing summary judgment is required to identify specific evidence in the record and articulate the precise manner in which that evidence supports the claim). Therefore, this Court accepts Plaintiff's evidentiary assertions as undisputed. *See Ragas,* 136 F.3d at 458 (noting the court does not have the duty to sift through the record in search of evidence to support a party's opposition to summary judgment); *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 915-16 & n. 17 (5th Cir.1992) (same).

## **Undisputed Material Facts**

The following material facts are not in genuine dispute:

1. Mr. Richie owes the United States the following amounts of unpaid federal income taxes, penalties, and interest:[2]

| Type of Tax | Tax Period | Assessment Date | Amount Due Through 11/11/08 |
|---|---|---|---|
| 1040 | 1978 | 9/8/1995 | $   138,909.43 |
| 1040 | 1979 | 9/8/1995 | 182,958.80 |
| 1040 | 1980 | 9/8/1995 | 1,133,268.49 |
| 1040 | 1981 | 9/8/1995 | 3,295,674.35 |
| 1040 | 1982 | 9/8/1995 | 3,188,112.84 |
| 1040 | 1983 | 9/8/1995 | 3,030,647.88 |
| 1040 | 1984 | 9/8/1995 | 1,280,250.22 |

---

[2]The Declaration of Eva Montes, Technical Advisor for the Internal Revenue Service, is attached as App. Gov. Ex. 1 and outlines the current amounts owed.  (App. Ex. 1 at DOJ000001-000002.)

| | | | |
|---|---|---|---|
| 1040 | 1985 | 9/8/1995 | 1,063,580.14 |
| 1040 | 1986 | 9/8/1995 | 767,454.17 |
| 1040 | 1988 | 9/8/1995 | 28,736.25 |
| 1040 | 2002 | 5/12/2003 | 4,199.61 |

**TOTAL:   $14,113,792.18**

2.    Ms. Richie owes the United States the following amounts of unpaid federal income taxes, penalties, and interest:[3]

| Type of Tax | Tax Period | Assessment Date | Amount Due Through 11/11/08 |
|---|---|---|---|
| 1040 | 1984 | 9/8/1995 | $ 215,383.75 |
| 1040 | 1985 | 9/8/1995 | 148,440.75 |
| 1040 | 1986 | 9/8/1995 | 159,777.75 |
| 1040 | 1988 | 9/8/1995 | 28,736.25 |
| 1040 | 2002 | 5/12/2003 | 4,199.61 |

**TOTAL:    $ 556,538.11**

3.    Plaintiff gave the Richies notice and demanded the unpaid taxes on or about the assessment dates listed above.  (Montes Decl. App. Gov. Ex. 1 at DOJ000001- 000002.)

4.    Plaintiff recorded Notices of Federal Tax Lien against the Richies in the property records of Dallas County, Texas, on September 29, 1997, October 18, 2006, January 5, 2007, and September 8, 2008.  (Smeltzer Decl. App. Gov. Ex. 2 at DOJ000019; App. Gov. Ex. 3 at DOJ000021-000028.)

5.    The United States recorded Notices of Federal Tax Lien against the Richies in the property records of Wood County, Texas, on October 3, 1997, October 17, 2006, January 2, 2007 and August 25, 2008.  (Smeltzer Decl. App. Gov. Ex. 2 at DOJ000019; App. Gov. Ex. 4 at DOJ000029-000036.)

6.    The Richies are the owners of certain real property that is their homestead, located in Dallas County, Texas, that is 0.667 acres, and further described as follows:[4]

---

[3]The Declaration of Eva Montes, Technical Advisor for the Internal Revenue Service, is attached as App. Gov. Ex. 1 and outlines the current amounts owed.  (App. Ex. 1 at DOJ000001-000002.)

[4] A true and correct copy of the deed and release of lien for the Dallas County property is attached as Appendix Gov. Ex. 5. Smeltzer Decl. Appendix Gov. Ex. 2 at DOJ000019; Appendix Gov. Ex. 5 at DOJ000037-000044.

Being LOT 3 in BLOCK C/5503 of Northaven Estates Addition No. 5, an Addition to the city of Dallas, Texas according to the Map thereof as recorded in Volume 47, Page 23 of the Map Records of Dallas County, Texas.

7.      Mr. Richie is the owner of certain real property located in Wood County, Texas that is 2.99 acres, and further described as follows:[5]

All that certain tract or parcel of land situated in the County of Wood, State of Texas, being in the Polly Tier Survey, Abstract No. 578, being a portion of that 20.02 acres tract Four conveyed from Carl R. Essl et al to Kevin Oswalt, Kyle Oswalt, and Kreg Oswalt and recorded in Volume 1172, page 509 of the Real Property Records of Wood County, Texas.

8.      In addition, Mr. Richie is the owner of certain real property located in Wood County, Texas that is 58.2 acres, and further described as follows:[6]

All that certain lot, tract or parcel of land located in the Polly Tier Survey, A-578, Wood County, Texas, and being out of that certain 58.2 tract conveyed to Addison Donald Emory by Deed Recorded in Vol. 665, page 678, Deed Records of Wood County, Texas.

9.      Additionally, the Richies are the owners of certain real property located in Wood County, Texas that is 93.715 acres, and further described as follows:[7]

All that certain lot, tract or parcel of land located in the Polly Tier Survey, A-578, Wood County, Texas, and being a part of that certain tract described in Deed from M. L. McLain to Alfred P. McEvoy, Trustee, dated February 26, 1963, recorded in

---

[5] A true and correct copy of the deed and release of lien for the 2.99 acre Wood County property is attached as App. Gov. Ex. 6. Smeltzer Decl. App. Gov. Ex. 2 DOJ000020; App. Gov. Ex. 6 at DOJ000045- 000047.

[6] A true and correct copy of the deed and release of lien for the 58.2 acre Wood County property is attached as App. Gov. Ex. 7. Smeltzer Decl. App. Gov. Ex. 2 at DOJ000020; App. Gov. Ex. 7 at DOJ000048-000052.  As stated previously, Mr. Richie has the sole interest in the property pursuant to a Deed from VLB.  *See id*. at DOJ000052.

[7] A true and correct copy of the deed and release of lien for the 93.715 acre Wood County property is attached as App. Gov. Ex. 8. Smeltzer Decl. App. Gov. Ex. 2 at DOJ000020; App. Gov. Ex. 8 at DOJ000053-000060.

        Vol. 507, page 28, Deed Records of Wood County, Texas.

10.     The Richies are the sole owners of the property listed in paragraphs 6 and 9. (Smeltzer Decl. App. Gov. Ex. 2 at DOJ000019- 000020; App. Gov. Ex. 5 at DOJ000037-000044; App. Gov. Ex. 8 at DOJ000053-000060.)  Mr. Richie is the sole owner of property listed in paragraphs 7 and 8. (Smeltzer Decl. App. Gov. Ex. 2 at DOJ000020; App. Gov. Ex. 6 at DOJ000045-000047; App. Gov. Ex. 7 at DOJ000048-000052.)

11.     The Richies challenged their audit assessments for the joint income tax returns for the 1978, 1979, 1980, 1981, 1982, 1983, 1984, 1985, 1986, and 1988 tax years in Tax Court.   On February 2, 1995, the Tax Court upheld the audit assessments made by the Internal Revenue Service (the "Service") for those years.  (Smeltzer Decl. App. Gov. Ex. 2 at DOJ000020; App. Gov. Ex. 9 at DOJ000060-000069.)

12.     Ms. Richie filed for innocent spouse relief, and a settlement was reached by the parties and entered by the Tax Court on April 6, 2004.  Pursuant to the Tax Court's decision, Ms. Richie currently has no outstanding income tax liabilities for the 1978, 1979, 1980, 1981, 1982, and 1983 tax years.  Further, Ms. Richie is relieved of interest, but not principal and penalties, for the 1984, 1985, 1986, and 1988 income tax years. (App. Gov. Ex. 2 at DOJ000020; App. Gov. Ex. 10 at DOJ000070-000081.)

13.     The applicable statute of limitations was extended, pursuant to 26 U.S.C. § 6503, through the collection due process proceedings and subsequent Tax Court litigation until September 19, 2008. (Amended Compl., dkt. #10 at ¶¶ 24-28; Richie Answer to Amended Compl. dkt. #12 ¶¶24-28 (admitting allegations).)  The current action was timely filed on July 12, 2007. (Dkt. #1.)

## Analysis

An assessment of tax by the Service is presumptively correct.  *Affiliated Foods, Inc. v. Commissioner*, 154 F.3d 527, 530 (5th Cir. 1998) (citing *Welch v. Helvering*, 290 U.S. 111, 115 (1933).  Penalties, additional amounts, or additions to tax are treated as taxes and are, therefore, also entitled to the presumption of correctness. *See* 26 U.S.C. §6665(a)(2); *Affiliated Foods*, 154 F.3d at 530.  If tax liabilities are not paid on or before the statutory date for payment, then interest accrues on the underpayment from the due date until paid.  26 U.S.C. §6601(a); *See Bob Hamric Chevrolet, Inc. v. USA, Internal Revenue Service*, 849 F. Supp. 500, 515 (W.D. Tex. 1994). Similarly, interest accrues with respect to assessed, but unpaid, penalties, additional amounts, or additions to tax.  26 U.S.C. §6601(e)(2).

The Richies are indebted to the United States in the amounts of $14,113,792.18 and $556,538.11, respectively, plus statutory additions accruing from November 11, 2008 until paid for the 1978, 1979, 1980, 1981, 1982, 1983, 1984, 1985, 1986, 1988, and 2002 income tax years.  Stmt. Material Facts ¶¶1-2.  The Richies challenged their audit assessments for the joint income tax returns for the 1978, 1979, 1980, 1981, 1982, 1983, 1984, 1985, 1986, and 1988 tax years in Tax Court. On February 2, 1995, the Tax Court upheld the audit assessments made by the Service for those years. (Tax Court Mem. Op., App. Gov. Ex. 9 at DOJ000060-000069.)  Ms. Richie filed for innocent spouse relief and a settlement was reached by the parties and entered by the Court on April 6, 2004. (*Id.*, App. Gov. Ex. 10 at DOJ000070-000081.)  Pursuant to the Tax Court's decision, Ms. Richie currently has no outstanding income tax liabilities for the 1978, 1979, 1980, 1981, 1982, and 1983 tax years.  (App. Gov. Ex. 10 at DOJ000070-000081.)  Further, Ms. Richie is relieved of interest, but not principal and penalties, for the 1984, 1985, 1986, and 1988 income tax years.  (*Id.*)

The United States is entitled, as a matter of law, to judgment against Mr. Richie and Ms. Richie in the amounts of $14,113,792.18 and $556,538.11, respectively, plus statutory additions accruing from November 11, 2008 until paid for the 1978, 1979, 1980, 1981, 1982, 1983, 1984, 1985, 1986, 1988, and 2002 income tax years.  The Richies were assessed for the unpaid taxes on September 8, 1995 for the 1978, 1979, 1980, 1981, 1982, 1983, 1984, 1985, 1986, and 1988 income tax years and May 12, 2003 for the 2002 income tax year.  Stmt. Material Facts ¶¶1, 2.  Pursuant to 26 U.S.C. §6321, a lien in favor of the United States arises upon all property and rights to property, then owned or acquired thereafter, when a person neglects or refuses to pay tax liabilities assessed. 26 U.S.C. §6321. The liens arose as of the dates of the assessments of the tax liabilities.  26 U.S.C. §6322.  The United States recorded Notices of Federal Tax Lien against Mr. Richie in the property

records of Dallas and Wood Counties.  Stmt. Material Facts ¶¶ 4-5.  Pursuant to 26 U.S.C. §7403, the United States may enforce its tax liens by foreclosing upon and selling the properties owned by the Richies in Dallas and Wood Counties, and the Court may order the foreclosure and sale of the property to satisfy the outstanding tax liabilities.  *See* 26 U.S.C. §7403.  Therefore, the federal tax liens against the Richies for the 1978, 1979, 1980, 1981, 1982, 1983, 1984, 1985, 1986, 1988, and 2002 income tax years should be foreclosed against the Richies' interest in the Dallas and Wood County properties and the properties should be sold.

## **RECOMMENDATION**

For the foregoing reasons, the Court recommends that the District Court enter an order granting the United States' motion for summary judgment against the Richies.  The District Court should order that Mr. and Ms. Richie are indebted to the United States in the amounts of $14,113,792.18 and $556,538.11, respectively, plus statutory additions accruing from November 11, 2008 until paid for the 1978, 1979, 1980, 1981, 1982, 1983, 1984, 1985, 1986, 1988, and 2002 income tax years.  Further the District Court should order foreclosure of the federal tax liens and judicial sale of the Dallas County, Texas and Wood County, Texas properties.

SO RECOMMENDED, March 24, 2009.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court.   *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).